UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ALEXANDER CASTRO,<br><br>    Petitioner,<br><br>    v.<br><br>T. CISNEROS,<br><br>    Respondent. | Case No.  2:22-cv-00201-TLN-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS BE DENIED AND THAT PETITIONER'S MOTION FOR DEFAULT JUDGMENT BE DENIED AS MOOT<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 9 |

Petitioner Salvador Alexander Castro seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 9.  His lone claim is that the trial court erred in refusing his request for two jury instructions, for self-defense and imperfect self-defense.  *Id.* at 7.  Respondent has answered the petition, ECF No. 16, and petitioner has declined to file a traverse.  For the reasons stated below, I recommend that the petition be denied.  In so recommending, I also recommend that petitioner's motion for default judgment, ECF No. 18, be denied.

**Background**

Petitioner was convicted of first-degree murder in 2016 for the killing of Jesse Hernandez.  ECF No. 15-13 at 6-7.  Hernandez crossed paths with petitioner and his brother, Joseph, on May

30, 2015. ECF No. 15-24 at 3.[1] Hernandez and a friend, Rodriguez, were standing outside a restaurant when petitioner and his brother pulled up in their car. *Id.* Rodriguez and petitioner had once been friends, but their relationship had soured in 2014. *Id.* Petitioner's brother entered a nearby liquor store and then returned to the car. *Id.* As the brothers began to drive away, petitioner leaned out of the car and threatened Hernandez and Rodriguez. *Id.* Rodriguez ran up to the car and told the brothers to "shut the fuck up." *Id.* The car drove off and Rodriguez and Hernandez went to the latter's apartment. *Id.*

Upon arriving at the apartment, Hernandez retrieved marijuana and the pair smoked outside. *Id.* at 4. Soon after, petitioner and his brother arrived and, once again, verbally threatened the two men. *Id.* Hernandez and Rodriguez retreated inside the apartment and locked the door. *Id.* Petitioner screamed and banged on the door. *Id.* The brothers eventually broke a window, causing an angry Hernandez to go back outside. *Id.* Rodriguez followed his friend about 10 to 15 seconds later, and saw petitioner and Hernandez fighting, the former trying to hit the latter with a golf club. *Id.* Eventually Hernandez fell to the ground, and Rodriguez struck petitioner with a fishing rod that had been on the porch. *Id.* at 5. At some point during the struggle, it appears that Hernandez sustained stab wounds. Petitioner and his brother then ran to their car and drove away. *Id.* Hernandez remained on the ground, blood pooling around him. *Id.* Paramedics arrived and transported Hernandez to the hospital, where he was treated for stab wounds to his chest. *Id.* at 6. Unfortunately, he succumbed to his injuries following surgery. *Id.* It was determined that the stabbings, including two to the heart, were the cause of Hernandez's death. *Id.*

Petitioner was convicted in 2016 and, at trial, the court refused his request to give instructions on self-defense and imperfect self-defense. He contends that this refusal violated federal law.

---

[1] I have reviewed the background provided by the state appellate court and, after comparing it to the record, find no error in it. Given that petitioner and respondent are both familiar with the events in question, I will offer only a brief summary of the facts.

1 **Discussion**

2     **I.**    **Legal Standards**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See Harrington v. Richter*, 562 U.S. 86, 97 (2011). To decide a § 2254 petition, a federal court examines the decision of the last state court that issued a reasoned opinion on petitioner's habeas claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) ("Because, here, neither the court of appeal nor the California Supreme Court issued a reasoned opinion on the merits of this claim, we look to the trial court's decision."); *McCormick v. Adams*, 621 F.3d 970, 975-76 (9th Cir. 2010) (reviewing the decision of the court of appeal, which was last reasoned decision of a state court); *Gill v. Ayers*, 342 F.3d 911, 917 n.5 (9th Cir. 2003) ("Because the California Supreme Court denied review of Gill's habeas petition without comment, we look through the unexplained California Supreme Court decision to the last reasoned decision . . . as the basis for the state court's judgment.") (internal quotations omitted).

Under AEDPA, a petitioner may obtain relief on federal habeas claims that have been "adjudicated on the merits in state court proceedings" only if the state court's adjudication resulted in a decision (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

    **II.**    **State Court Decision**

The California Court of Appeal issued the last reasoned decision on the issue:[2]

> Alex's trial counsel argued in opening that Alex killed in self-defense or imperfect self-defense. The trial court refused his request to instruct on self-defense and imperfect self-defense, but granted his request for instruction on voluntary manslaughter in the

---

[2] The California Court of Appeal refers to petitioner as "Alex."

3

heat of passion.  Alex contends the trial court erred in refusing his requested instructions.

"A trial court must instruct the jury on every theory that is supported by substantial evidence, that is, evidence that would allow a reasonable jury to make a determination in accordance with the theory presented under the proper standard of proof.  [Citation.]  We review the trial court's decision de novo." (*People v. Cole* (2004) 33 Cal.4th 1158, 1206.)  "'To justify an act of self-defense . . . , the defendant must have an honest and reasonable belief that bodily injury is about to be inflicted on him. [Citation.]'  [Citation.]  The threat of bodily injury must be imminent [citation], and '. . . any right of self-defense is limited to the use of such force as is reasonable under the circumstances.  [Citation.]'  [Citations.]" (*People v. Minifie* (1996) 13 Cal. 4th 1055, 1064-1065.)

A person who kills someone with an actual but unreasonable belief that he or someone else is in imminent danger of great bodily injury or death is guilty of voluntary manslaughter rather than murder under the theory of imperfect self-defense. (*People v. Simon* (2016) 1 Cal.5th 98, 132.)  Imperfect self-defense voluntary manslaughter is a lesser included offense of murder, so the trial court has a duty to instruct if substantial evidence supports this theory. (*People v. Birks* (1998) 19 Cal. 4th 108, 118.)

Alex's claim is based on Hernandez's DNA being on the handles of both golf clubs found outdoors.  He asserts the jury could reasonably conclude from this evidence that Hernandez swung the clubs at Alex.  Alex notes a third golf club was found in Hernandez's residence, a place that neither Alex nor Joseph entered.  He also finds support in the presence of the defendants' DNA on the handle of the fishing rod while Hernandez's was on the shaft.  According to Alex, this could support a reasonable doubt in the jury's mind regarding the prosecutor's theory that defendants brought a knife to the fight and were the initial aggressors.

"The concepts of perfect and imperfect self-defense are not entirely separate, but are intertwined.  We have explained that 'the ordinary self-defense doctrine—applicable when a defendant reasonably believes that his safety is endangered—may not be invoked by a defendant who, through his own wrongful conduct (e.g., the initiation of a physical attack or the commission of a felony), has created circumstances under which his adversary's attack or pursuit is legally justified.  [Citations.]  It follows, a fortiori, that the imperfect self-defense doctrine cannot be invoked in such circumstances.'  [Citation.]" (*People v. Valencia* (2008) 43 Cal.4th 268, 288.)

There is no evidence that Hernandez started the combat that led to his death.  Alex had a motive to attack Rodriguez, who accused him of being a snitch.  Either Alex or both defendants threatened to kill Hernandez and Rodriguez when defendants drove by them as they stood in front of the restaurant.  Alex switched positions in the truck with Joseph, and drove the truck to Hernandez's residence, where he got out, challenged them to get out of the residence, and

4

> proceeded to damage the place until Hernandez came out. While the eyewitness testimony was not consistent, there was no eyewitness testimony that Hernandez either came out with a weapon or employed a weapon during the incident. The eyewitness testimony regarding the use of weapons shows them to be employed by defendants or by Rodriguez using the fishing rod. Likewise, the forensic evidence shows that all wounds on Hernandez were of a defensive nature.
>
> In light of the overwhelming other evidence that Alex was the aggressor with Hernandez acting defensively and not employing any weapon, neither the presence of Hernandez's DNA on the golf clubs and the fishing rod nor the presence of the third golf club in his residence supports instruction on self-defense or imperfect self-defense.

ECF No. 15-24 at 41-43. The California Supreme Court issued a summary denial of petitioner's subsequent petition for review. ECF No. 15-27 at 1.

### III. Petitioner's Claim Should be Denied

Whether an instruction on self-defense or imperfect self-defense was warranted is a question of state law and, as such, cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."); *see also Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005) ("The court's determination that this instruction was not appropriate . . . resulted from interpretation of state law. Any error in the state court's determination of whether state law allowed for an instruction in this case cannot form the basis for federal habeas relief."). Only where an erroneous jury instruction "by itself so infected the entire trial that the resulting conviction violates due process" can a petitioner win federal habeas relief. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). The petition does not explain how the failure to give the self-defense instruction rendered petitioner's entire conviction constitutionally unreliable. I am bound by the state courts' holding that declining to give this instruction was appropriate under California law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *see also Romero v. Cal. Dept. of Corrections and Rehabilitation*, 405 F. App'x 208, 211, 2010 U.S. App. LEXIS 26754, *4 (9th Cir. 2010) ("The California Court of Appeal's conclusion that the instructions were adequate as a matter of state

5

law binds us."); *Gonzalez v. Gonzalez*, 394 F. App'x 415, 2010 U.S. App. LEXIS 18611, *2 (9th Cir. 2010) ("The California Court of Appeal's conclusion that there was no instructional error is a binding interpretation of state law.").

Accordingly, it is RECOMMENDED that:

1. Petitioner's first amended petition, ECF No. 9, be DENIED.

2. Petitioner's motion for default judgment, ECF No. 18, be DENIED as moot.

These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 30 days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). The parties' failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    February 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE